UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:

RAYMOND D. ARLOZYNSKI,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC. AND
RESURGENT CAPITAL SERVICES L.P.

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FINANCIAL RECOVERY SERVICES, INC., placed telephone calls into this District on behalf of Defendant, RESURGENT CAPITAL SERVICES L.P.

## PARTIES

3. Plaintiff, RAYMOND D. ARLOZYNSKI, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

4. Defendant, FINANCIAL RECOVERY SERVICES, INC., ("FINANCIAL RECOVERY") is a corporation and citizen of the State of Minnesota with its principal place of business at 4900 Viking Drive, Edina, Minnesota 55435.

5. Defendant, RESURGENT CAPITAL SERVICES L.P, ("RESURGENT") is a limited partnership and a citizen of the State of South Carolina with its principal place of business at Suite 600, 15 South Main Street, Greenville, South Carolina 29601.

## FACTUAL ALLEGATIONS

6. Defendants sought to collect from Plaintiff an alleged debt arising from an alleged debt incurred for personal, family or household purposes.

7. After the alleged debt went into default, Defendant, RESURGENT, acquired the alleged debt from the original creditor or a subsequent holder.

8. Defendant, RESURGENT, assigned the debt for collection to other debt collectors including but not limited to, Defendant, FINANCIAL RECOVERY, who in turn sought to collect the alleged debt from Plaintiff.

9. Defendant, FINANCIAL RECOVERY, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant, RESURGENT, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

11. Defendant, FINANCIAL RECOVERY, regularly collects or attempts to collect debts for other parties.

12. Defendant, FINANCIAL RECOVERY, is a "debt collector" as defined in the FDCPA.

13. Defendant, RESURGENT, is a "debt collector" as defined in the FDCPA.

14. At all times material to the allegations of this complaint, Defendant, FINANCIAL RECOVERY, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

15. At all times material to the allegations of this complaint, Defendant, RESURGENT, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. Defendant, RESURGENT, authorized other debt collectors including but not limited to Defendant, FINANCIAL RECOVERY, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

17.     Other debt collectors including but not limited to Defendant, FINANCIAL RECOVERY, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of RESURGENT.

18.     By virtue of its status as a debt collector, RESURGENT, is vicariously liable to Plaintiff for FINANCIAL RECOVERY'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

19.     Defendant, FINANCIAL RECOVERY, left the following messages on Plaintiff's voice mail on his home or cellular telephone, as indicated, on or about the dates stated:

> January 13, 2009, 3:37 PM – Home Phone
> This confidential and important message is meant solely for Raymond Arlozynski. My name is Kelly Mose. If you are not Raymond, do not listen to this message. There will be a short pause before the remainder. The law requires I notify you that I am calling from Financial Recovery Services, a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call me back today at 1-877-288-5406. When calling back, please refer to the account number SL8982. Thank you.
>
> January 13, 2009, 3:38 PM – Cellular Phone
> This confidential and important message is meant solely for Raymond Arlozynski. My name is Kelly Mose. If you are not Raymond, do not listen to this message. There will be a short pause before the remainder. The law requires I notify you that I am calling from Financial Recovery Services, a debt collection company. This is an attempt to collect a debt. Any

information obtained will be used for that purpose. Please call me back today at 1-877-288-5406. When calling back, please refer to the account number FL8982. Thank you.

February 11, 2009 – Cellular Phone
This important and confidential message is for Raymond Arlozynski. This is Nick Venise. If you are not Raymond Arlozynsky, do not continue listening to this message. There will be a brief pause before the remainder of this message. Raymond, Federal Law does require I notify you that I am calling from Financial Recovery Services, we are a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return my call today at 1-866-438-2810. When calling back, Raymond, I do need you to reference your file number FL8982. This is a time sensitive matter and does need your immediate attention. Thank you.

February 19, 2009 – Home Phone – Blank Message

February 22, 2009 – Home Phone – Blank Message

February 25, 2009 – Home Phone
This confidential and important message is meant solely for Raymond Arlozynski. This is Michelle. If you are not Raymond, please do not listen to this message. There will be a short pause before the remainder of the message. Raymond, we have determined that you are eligible to receive a special settlement offer. The terms of this settlement offer are open to change without further notice so please contact us right away. The law requires I notify you that I am calling from Financial Recovery Services, a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call me back today at 1-877-258-3390 to take advantage of this offer. When calling back, please refer to the file number SL8982. Once again, my toll free number is 1-877-258-3390. Thank you.

April 2, 2009 – Home Phone – Blank Message

April 18, 2009 – Home Phone – Pre-Recorded Message
Hello, this is an important message for Raymond D. Arlozynski. If you are not Raymond D. Arlozynski please hand up or disconnect. If you are Raymond D. Arlozynski, please continue to listen to this message. There will now be a 3 second pause in this message with important information

following.  By continuing to listen to this message you acknowledge that you are Raymond D. Arlozynski.  This is a call from Financial Recovery Services, Inc.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact us about an important business matter at 877-476-9749.  Once again, please call us back at 877-476-9749.  Thank you.

<u>May 13, 2009 – Home Phone – Pre-Recorded Message</u>
Hello, this is an important message for Raymond D. Arlozynski.  If you are not Raymond D. Arlozynski please hand up or disconnect.  If you are Raymond D. Arlozynski, please continue to listen to this message.  There will now be a 3 second pause in this message with important information following.  By continuing to listen to this message you acknowledge that you are Raymond D. Arlozynski.  This is a call from Financial Recovery Services, Inc.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact us about an important business matter at 877-476-9749.  Once again, please call us back at 877-476-9749.  Thank you.

<u>May 23, 2009 – Home Phone – Pre-Recorded Message</u>
Arlozynski.  This is not a sales or marketing phone call.  If you are Raymond D. Arlozynski please press the 9 key to retrieve this important message or please return our call toll free at 866-415-2399.  Thank you.
Hello, this is a very important call for Raymond D. Arlozynski.  This is not a sales or marketing phone call.  If you are Raymond D. Arloznski please press the 9 key to retrieve this important message or please return our call toll free at 866-415-2399.  Thank you.

<u>June 2, 2009 – Cellular Phone</u>
Confidential and important message is solely for Raymond Arlozynski. If you are not Raymond Arlozynski, do not continue listening to this message. There will be a short pause before the remainder of this message. The law requires I notify you that I am calling from Financial Recovery Services, Inc. a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me today at 877-258-3417. Take advantage of this settlement offer, when calling back please refer ID code SL8982. Once again the toll free number is 877-258-3417. Thank you.

20. In addition to the foregoing telephone messages, Defendant, FINANCIAL RECOVERY, left similar or identical messages on other occasions. (Collectively, "the telephone messages").

21. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

22. Defendant, FINANCIAL RECOVERY, failed to inform Plaintiff in some of the messages that the communication was from a debt collector and failed to disclose the purpose of the messages and failed to disclose Defendant's name.

23. Defendant, FINANCIAL RECOVERY, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

24. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

25. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

26. Defendant, FINANCIAL RECOVERY, willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendant, FINANCIAL RECOVERY, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

29. Plaintiff incorporates Paragraphs 1 through 26.

30. Defendant, FINANCIAL RECOVERY, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name that it is a debt collector and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist.

LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005)**.**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

31.    Plaintiff incorporates Paragraphs 1 through 26.

32.    Defendant, FINANCIAL RECOVERY, caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV

## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

33. Plaintiff incorporates Paragraphs 1 through 26.

34. Defendant, FINANCIAL RECOVERY, engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Plaintiff incorporates Paragraphs 1 through 26.

36. Defendant, FINANCIAL RECOVERY, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

10

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37.    Plaintiff incorporates Paragraphs 1 through 26.

38.    By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant, FINANCIAL RECOVERY, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

39. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff incorporates Paragraphs 1 through 26.

41. Defendant, FINANCIAL RECOVERY, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

      b.    a declaration that Defendant's calls violate the TCPA;

      c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

      d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658